IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| CHRISTINE PETITTO | : | CIVIL ACTION |
| --- | --- | --- |
| | : | |
| v. | : | No. 09-65 |
| | : | |
| ASPLUNDH TREE EXPERT COMPANY | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                     **January 13, 2010**

Defendant Asplundh Tree Expert Company (Asplundh) asks this Court to dismiss Plaintiff Christine Petitto's complaint. Asplundh asserts the complaint fails to state a claim upon which relief can be granted because Asplundh owed no duty to Ginther as a matter of law. Because Petitto's complaint is sufficient to survive a motion to dismiss, Asplundh's motion will be denied.

James E. Ginther died on February 1, 2008, when the Asplundh tree-trimming truck he had parked on a hill tipped and rolled over him. Christine Petitto, Ginther's surviving spouse and executrix of his estate, filed this wrongful death action against Asplundh on April 30, 2009. In determining whether a complaint should be dismissed under Rule 12(b)(6), I must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation omitted). Petitto alleges Asplundh was negligent in improperly maintaining, servicing, and inspecting Ginther's truck, and the truck was not equipped with sufficient safety devices. Ginther was an employee of Asplundh at the time of his death, though Petitto concedes Ginther was not acting within the scope of his employment when the accident occurred. It is undisputed the truck which

1

fell on Ginther was owned by Asplundh. Petitto alleges the truck was provided to Ginther for his personal use, outside the scope of his employment, and argues his use of the truck on the day of the accident was known and consented to by Asplundh.

Asplundh argues because Ginther was not acting within the scope of his employment at the time of the accident, Asplundh is not liable for damages arising from his use of the vehicle. Petitto does not seek to impose liability on Asplundh for Ginther's conduct as an employee, however, but for the allegedly negligent actions of those Asplundh employees who were responsible for attaching appropriate safety devices to the truck as well as maintaining, inspecting, and repairing the truck. Petitto asserts Asplundh owed the same duty of reasonable care to Ginther that Asplundh, as the truck's owner, owed to any other person Asplundh permitted to use the truck. *See, e.g., Price v. Star Serv. & Petroleum Corp.*, 166 S.E.2d 593, 598 (Ga. Ct. App. 1969) ("If while a servant is not engaged in the performance of his master's business, . . . his master lends him an automobile, and while he is using it for his own pleasure, disconnected from any business of the master, he negligently injures another by its operation, the servant will stand in the same position as would another borrower."). Petitto thus asserts liability arising under general principles of tort law, not vicarious liability for any liability-producing conduct by Ginther.

Under Virgin Islands law, the owner of an automobile involved in an accident is not automatically liable for damages from that accident. *Hanley v. Jones*, 21 V.I. 190, 193 (V.I. 1984). Instead, a plaintiff must prove the owner's negligence directly caused the accident, or that the accident was caused by the negligent actions of the owner's agent or employee, acting within the scope of his employment. *Id; see also Estephane v. Hobson*, 18 V.I. 396, 398 (D.V.I. 1981); *Smith v. Hertz Rent-A-Car*, 262 F. Supp. 431, 434 (D.V.I. 1966). The Virgin Islands follows the

restatements of the law approved by the American Law Institute, V.I. Code Ann. tit. 1, § 4, including the Restatement (Second) of Torts. *See Fabend v. Rosewood Hotels & Resorts, LLC*, 381 F.3d 152, 155 (3d Cir. 2004). The Restatement provides, "one who lends an automobile to a friend and who fails to disclose a defect of which he himself knows and which he should recognize as making it unreasonably dangerous for use, is subject to liability not only to his friend, but also to anyone whom his friend permits to drive the car or chooses to receive in it as passenger or guest, if it is understood between them that the car may be so used." Restatement (Second) of Torts, § 388 cmt. a.

Owners of motor vehicles may thus be liable for personal injuries suffered by third parties because of defects in vehicles if the owner knew of the defect or could have discovered it through reasonable inspection. *Hubschman v. Antilles Airboats, Inc.*, 440 F. Supp. 828, 857 (D.V.I. 1977) (applying § 388); *see also* 19 Williston on Contracts § 53:10 (4th ed., Westlaw 2009) ("In a gratuitous loan of defective property, the bailor is liable for injuries to the bailee caused by defects likely to cause injuries of that type, if the bailor knew or reasonably should have known of the defects at the time of lending, and the bailee had no reasonable notice of them."). Accepting Petitto's factual allegations as true, a jury could reasonably conclude Asplundh was liable for breaching the duty to reasonably inspect the truck and warn Ginther of known dangers involved in his use of the truck.

Accordingly, the Court will deny Asplundh's Motion to Dismiss. An appropriate order follows.