IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| CHRISTINE PETITTO | : | CIVIL ACTION |
| | : | |
| v. | : | No. 09-65 |
| | : | |
| ASPLUNDH TREE EXPERT COMPANY | : | |

## MEMORANDUM

**Juan R. Sanchez, J.**                                                                 February 24, 2010

      Defendant Asplundh Tree Expert Company (Asplundh) asks this Court for reconsideration of its January 13, 2010 Order denying Asplundh's Motion to Dismiss. In support of this motion, Asplundh contends this Court's January 13, 2010 Order misstated the law by suggesting a duty to inspect loaned vehicles arises with a gratuitous bailment of such vehicles.

      Plaintiff Christine Petitto alleges Asplundh is liable for the wrongful death of her husband, James E. Ginther. Ginther died after an Asplundh tree-trimming truck he had parked on a hill tipped and rolled over him. Petitto concedes that, although Ginther was an Asplundh employee at the time of his death, he was not acting within the scope of his employment when this accident occurred. Instead, Petitto asserts Ginther had Asplundh's permission to borrow the truck for his personal use. Petitto asserts Asplundh is liable for negligently providing a dangerous truck to Ginther and for failing to properly inspect, maintain, and repair the truck.

      This Court denied Asplundh's Motion to Dismiss the Complaint, finding "a jury could reasonably conclude Asplundh was liable for breaching the duty to reasonably inspect the truck and warn Ginther of known dangers involved in his use of the truck." Order on Motion to Dismiss, at 3, January 13, 2010.

In order to survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In reviewing a motion to dismiss, this Court "accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

Absent local law to the contrary, the Restatements provide the substantive law of the Virgin Islands. 1 V.I.C. § 4; *Virgin Islands v. Lansdale*, 172 F. Supp.2d 636, 645 (D.V.I. 2001). Under Virgin Islands law, "liability for negligence [is] dependent on the existence of specific legal duties whose breach results in harm to another." *Tavarez v. Klingensmith*, 267 F. Supp. 2d 448, 453 (D.V.I. 2003) (citations omitted). In the course of an employer-employee relationship, an employer has a legal duty to "ensure a safe working environment and safe instrumentalities for their employees." *Id.* "Contrarily, the legal duty imposed on private individuals is that of ordinary care under the circumstances, based on an objective standard of reasonableness." *Id.* (citing Restatement (Second) of Torts § 283). In the instant case, Petitto does not seek to hold Asplundh liable for breaching a duty of care owed by an employer to an employee. Instead, Petitto claims Asplundh is liable for breaching the duty of ordinary care.

Pursuant to Section 388 of the Restatement (Second) of Torts, where a chattel is known to be dangerous for its intended use, a supplier of the chattel is liable in negligence to those persons whom the supplier expects to use the chattel or be endangered by its use if the supplier:

> (a) knows or has reason to know[1] that the chattel is or is likely to be dangerous for the use for which it is supplied, and
> (b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and
> (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

Restatement (Second) of Torts § 388. The duty to warn of known dangers applies to "sellers, lessors, donors, or lenders" of chattels known to be dangerous. § 388 cmt. c. Thus, if Asplundh lent the tree-trimming truck to Ginther for his personal use, as Petitto asserts in her complaint, Asplundh had a duty to warn Ginther of dangers which Asplundh knew or had reason to know existed in using the truck.

As Asplundh points out in its motion for reconsideration, this duty does not always include an attendant duty to inspect the chattel to ensure it is fit for the use for which it is supplied. § 388 cmt. m.[2] Rather, the duty to inspect "may be imposed because of the purpose for which the chattel is to be used by those to whom it is supplied." *Id.* (citing Restatement (Second) of Torts § 392.) Under § 392, a duty of reasonable inspection attaches when a supplier provides a chattel to another to be used for the supplier's business purposes. § 392 (stating a supplier is liable in these circumstances if he "fails to exercise reasonable care to make the chattel safe for the use for which it is supplied" or if he "fails to exercise reasonable care to discover its dangerous condition or character"). *See Hawley v. Delaware & Hudson Railway Co.*, 514 F. Supp. 2d 650, 658 (M.D. Pa.

---

[1] "The words 'reason to know' denote the fact that the actor has information from which a person of reasonable intelligence or of the superior intelligence of the actor would infer that the fact in question exists, or that such person would govern his conduct upon the assumption that such fact exists." Restatement (Second) of Torts § 12(1).

[2] Comment m provides, "The fact that a chattel is supplied for the use of others does not of itself impose upon the supplier a duty to make an inspection of the chattel, no matter how cursory, in order to discover whether it is fit for the use for which it is supplied." § 388 cmt. m.

2007) (citing *Lambert v. Pittsburgh Bridge & Iron Works*, 323 A.2d 107, 111 (Pa. Super. Ct. 1974)). If the chattel was provided for the supplier's business purposes, a duty to inspect is imposed. *Id.* Thus, the Court must determine whether the vehicle was supplied for business purposes. *See Hawley*, 514 F. Supp. 2d at 659 (finding "such characterization [is] necessary to determine whether Section 392 or 388 applied to the facts presented in the case").

Asplundh correctly points out, and this Court agrees, § 392 is inapplicable to Petitto's claim since Petitto does not claim the tree-trimming truck at issue in this case was supplied by Asplundh for Asplundh's business purposes. Thus, because § 392 does not apply to Petitto's claim, this Court agrees Asplundh had no duty to inspect the truck. I write briefly here to clarify that, although no duty to inspect is imposed upon Asplundh, its Motion to Dismiss will still be denied. Petitto has alleged Asplundh negligently lent Ginther a truck which Asplundh knew to be dangerous. As such, she has stated a plausible claim for relief based on Asplundh's alleged failure to warn of a danger in the truck of which it knew of or had reason to know.[3]

Finally, the duty to warn arises when a supplier of a dangerous chattel "has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition." Because "the dangerous propensity of heavy equipment to tip over is not necessarily open and obvious," Asplundh may have had no reason to believe Ginther's appreciated the dangerousness inherent in his operation and use of the truck. *See Veliz v. Rental Serv. Corp. USA, Inc.*, 313 F. Supp. 2d 1317, 1324 (M.D. Fla. 2003) (citing *Brown v. Glade Grove Supply, Inc.*, 647 F. Supp. 2d 1033, 1036 (Fla. Dist. Ct. App. 1994) (finding danger associated with tractor roll-over resulting from non-use of a lock out pin is not open and obvious).

---

[3] The Restatement makes clear the phrase had "reason to know" does not impose a duty to ascertain unknown facts and should be distinguished from the words "should know." § 12.

Because Petitto has stated a plausible claim for relief based on Asplundh's failure to warn, Petitto's complaint survives a motion to dismiss. Asplundh's motion for reconsideration, however, is granted insofar as the Court holds Asplundh had no duty to inspect the truck at issue in this case. However, Asplundh's motion for reconsideration is denied to the extent the Court holds Petitto's complaint survives Asplundh's motion to dismiss.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.
United States District Court

**ATTEST:**
**Wilfredo F. Morales**
**Clerk of the Court**

By: _____
    Deputy Clerk

cc: Nancy D'Anna, Esquire
    Simone D. Francis, Esquire
    Manuel R. Morales, Jr., Esquire (admitted *pro hac vice*)